UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:21-CR-079 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **GREGORY DEHART,** | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 18, United States Code, § 371, Conspiracy to Make False

   Statements During the Purchase of a Firearm (Title 18 United

   States Code, §922(a)(6)). The maximum penalty for Count 1 is

   imprisonment for a period of five (5) years, a fine of $250,000, a

   maximum term of supervised release of three (3) years, which

shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of the prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in Count 1. After sentencing, the United States will move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial

2

must commence is tolled as of the date of the defendant's

signing of this Agreement, until either (a) the defendant pleads

guilty; or (b) a new date is set by the Court for commencement

of trial.

2. <u>Mandatory Minimum Sentence</u>.  There is no mandatory

minimum sentence for Count 1.

3. <u>No Further Prosecution, Except Tax Charges</u>.  The United

States Attorney's Office for the Middle District of Pennsylvania

agrees that it will not bring any other criminal charges against

the defendant directly arising out of the defendant's

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

## B.  <u>Fines and Assessments</u>

4. <u>Fine</u>.  The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement.  Further, the

3

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

5. <u>Alternative Fine</u>.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the Court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

4

will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

## C. **Sentencing Guidelines Calculation**

8. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987,

5

and its amendments (the "Sentencing Guidelines"), will apply to

the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are

advisory and not binding on the Court.  The defendant further

agrees that any legal and factual issues relating to the

application of the Sentencing Guidelines to the defendant's

conduct, including facts to support any specific offense

characteristic or other enhancement or adjustment and the

appropriate sentence within the statutory maximums provided

for by law, will be determined by the Court after briefing, a pre-

sentence hearing, or a sentencing hearing.

9. <u>Acceptance of Responsibility–Three Levels</u>.  If the defendant

can adequately demonstrate recognition and affirmative

acceptance of responsibility to the Government as required by

the Sentencing Guidelines, the Government will recommend

that the defendant receive a three-level reduction in the

defendant's offense level for acceptance of responsibility. The

third level shall be within the discretion of the Government

under U.S.S.G. § 3E1.1. The failure of the Court to find that the
defendant is entitled to a reduction shall not be a basis to void
this Agreement.

10. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect
to the application of the Sentencing Guidelines to the
defendant's conduct, the parties agree to recommend as follows:
The Base Offense Level is **14** under U.S.S.G. §2K2.1(a)(6)(c) and
§2X1.1.  An additional six **(6)** offense levels are applicable under
U.S.S.G. §2K2.1(b)(1)(C) due to the number of firearms involved
(25-99). The defendant's offense level should not be increased or
decreased under §2K2.1(b)(2)-(4), (6), or (7) or any provision in
Chapter 3 of the Guidelines with the exception of §3E1.1
(Acceptance of Responsibility). The government will recommend
the addition of four levels under §2K2.1(b)(5). The defense
reserves the right to argue that the Specific Offense
Characteristic described at §2K2.1(b)(5) does not apply.  Each
party reserves the right to make whatever remaining
arguments it deems appropriate with regard to application of

7

the United States Sentencing Commission Guidelines to the

defendant's conduct.  The defendant understands that any

recommendations are not binding upon either the Court or the

United States Probation Office, which may make different

findings as to the application of the Sentencing Guidelines to

the defendant's conduct.  The defendant further understands

that the United States will provide the Court and the United

States Probation Office all information in its possession that it

deems relevant to the application of the Sentencing Guidelines

to the defendant's conduct.

## D.  <u>Sentencing Recommendation</u>

11. <u>Appropriate Sentence Recommendation</u>.  At the time of

sentencing, the United States may make a recommendation

that it considers appropriate based upon the nature and

circumstances of the case and the defendant's participation in

the offense, and specifically reserves the right to recommend a

sentence up to and including the maximum sentence of

8

imprisonment and fine allowable, together with the cost of prosecution.

12. <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

   a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

   c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

   d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

10

m. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Forfeiture of Assets

13. Forfeiture. The present Indictment seeks forfeiture of the defendant's interests in certain assets. In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

11

a.  Forfeiture of all properties, real and personal listed in the
    Forfeiture Allegation of the Indictment;

b.  Immediate entry of the preliminary order of forfeiture or the
    filing of a civil complaint by the United States, pursuant to
    Title 18, United States Code, § 981;

c.  Waiver of the right to personal service of all process and
    naming of Elliot A. Smith, Esq., Office of the Federal Public
    Defender, 201 Lackawanna Ave., Suite 317, Scranton,
    Pennsylvania, 18503, as agent for service of all process;

d.  Waiver of the right to appear and contest any portion of the
    forfeiture proceedings, including but not limited to, any
    motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all
    persons and entities holding an equitable or legal interest in
    the property, real or personal, subject to forfeiture pursuant
    to this Agreement;

g.  Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent

13

ownership and any claim or defense under the Eighth

Amendment, including any claim of excessive fine.

14. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth

above, the United States agrees not to seek forfeiture of any

other asset known to the United States by defendant's

disclosure to belong to the defendant or the defendant's family.

This Agreement does not prevent the IRS from the collection of

taxes or the seizure of assets to satisfy those taxes.

15. <u>Destruction Order/Waivers.</u>  The defendant further agrees,

should the United States deem it appropriate, to the destruction

of the items seized during the course of the investigation.  The

defendant agrees that the items may be destroyed by the

investigative agency with or without a court order authorizing

the destruction of the items seized.  If the United States

determines that a destruction order should be obtained, the

defendant and defendant's counsel hereby concur in a motion for

such an order.  The defendant further agrees to waive all

interest in the assets in any administrative or judicial forfeiture

14

proceeding, whether criminal or civil, state or federal. The

defendant consents and waives all rights to compliance by the

United States with any applicable deadlines under 18 U.S.C. §

983(a). Any related administrative claim filed by the defendant

is hereby withdrawn. The defendant agrees to consent to the

entry of orders of forfeiture for such property and waives the

requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and

incorporation of forfeiture in the judgment.

16. Forfeiture of Firearms Possessed in Connection with the

    Offense. The United States and the defendant hereby agree

    that the a Smith & Wesson Model SD9VE 9mm pistol, S/N

    FZH1584, a Sturm Ruger 9mm Security 9 9mm pistol, S/N 382-

    52038, a Ruger Model SR9C 9mm pistol, S/N 333-44722, a

    Ruger Model LCP .380 handgun, S/N 371208682, a Taurus

    Model TX22 .22LR pistol, S/N 1PT031298, a Smith & Wesson

    Model SD40VE .40 caliber pistol, S/N HFL3262, a Ruger Model

EC9S 9mm pistol, S/N 45580421, a Taurus Model 605 .357

revolver, S/N ABC352680, a Smith & Wesson Shield .45 pistol,

S/N HYN6708, a Taurus Model G2C 9mm pistol, S/N

ABE588436, a Hi-Point C9 9mm pistol, S/N P1960297, a Hi-

Point JHP .45 pistol, S/N 4221744, a Hi-Point C9 9mm pistol,

S/N P10091520, a Taurus Model G25 9mm pistol, S/N

TL442199, a SCCY Model CPX-1 9mm pistol, S/N 159615, a

Taurus Model G25 9mm pistol, S/N TLZ44290, a Phoenix Arms

Model HP22 .22LR pistol, S/N 4564184, a Ruger Model EC9

9mm pistol, S/N 457-78505, a SCCY Model CPX-1 9mm pistol,

S/N 399080, a Taurus Model G2C 9mm pistol, S/N TM066395, a

Taurus Model 85 .38 Special revolver, S/N 1Y87726, a SAR

Arms Model ST45 .45 pistol, S/N T1102-17AF00388, a Phoenix

Arms Model HP22 .22 LR pistol, S/N 4564193, a Taurus Model

G2C 9mm pistol, S/N ABH800539, a Taurus Model 709 9mm

pistol, S/N TKN11391, a Ruger Model EC9 9mm pistol, S/N 457-

94622, a SCCY CPX-1 9mm pistol, S/N 329975, a Smith &

Wesson Model 4043, .40 caliber pistol, S/N TZS3763, and a

16

Glock Model 62Gen5 9mm pistol, S/N AEZ7212, which are

firearms as defined in 18 U.S.C., § 921, some of which were

seized during the investigation and currently in the custody and

control of the Bureau of Alcohol, Tobacco, Firearms, and

Explosives were properly seized and were possessed, involved in

or used in a Conspiracy to violate Title 18, U.S.C. §922(a)(6), to

which the defendant will plead guilty to a violation of Title 18,

U.S.C. §371. The defendant agrees that the firearms are subject

to forfeiture to the United States pursuant to 18 U.S.C. § 924.

The defendant hereby relinquishes to the United States any

claim, title and interest the defendant has in said firearms.  The

defendant agrees to withdraw any claim made in any civil,

administrative or judicial forfeiture brought against said

firearms, and further agrees not to oppose any civil,

administrative or judicial forfeiture of said firearms.

F.  **Information Provided to Court and Probation Office**

17. Background Information for Probation Office.  The defendant

    understands that the United States will provide to the United

17

States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

18. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved

18

substantive objections will be decided by the Court after

briefing, a pre-sentence hearing, or at the sentencing hearing,

where the standard or proof will be a preponderance of the

evidence, and the Federal Rules of Evidence, other than with

respect to privileges, shall not apply under Fed. R. Evid.

1101(d)(3), and the Court may consider any reliable evidence,

including hearsay.  Objections by the defendant to the pre-

sentence report or the Court's rulings, will not be grounds for

withdrawal of a plea of guilty.

19. <u>Relevant Sentencing Information</u>.  At sentencing, the United

States will be permitted to bring to the Court's attention, and

the Court will be permitted to consider, all relevant information

about the defendant's background, character and conduct,

including the conduct that is the subject of the charges that the

United States has agreed to dismiss, and the nature and extent

of the defendant's cooperation, if any.  The United States will be

entitled to bring to the Court's attention and the Court will be

19

entitled to consider any failure by the defendant to fulfill any

obligation under this Agreement.

20. <u>Non-Limitation on Government's Response</u>.  Nothing in this

Agreement shall restrict or limit the nature or content of the

United States' motions or responses to any motions filed on

behalf of the defendant.  Nor does this Agreement in any way

restrict the Government in responding to any request by the

Court for briefing, argument or presentation of evidence

regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for

information concerning possible sentencing departures.

## G. <u>Court Not Bound by Plea Agreement</u>

21. <u>Court Not Bound by Terms</u>.  The defendant understands that

the Court is not a party to and is not bound by this Agreement,

or by any recommendations made by the parties.  Thus, the

Court is free to impose upon the defendant any sentence up to

and including the maximum sentence of imprisonment for five

(5) years, a fine of $250,000, a maximum term of supervised

release of up to three (3) years, which shall be served at the
conclusion of and in addition to any term of imprisonment, the
costs of prosecution, denial of certain federal benefits, and
assessments totaling $100.

22. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

## H. **Breach of Plea Agreement by Defendant**

23. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement

21

shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

24. Remedies for Breach.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

   a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

   b.   The United States will be free to make any recommendations to the Court regarding sentencing in this case;

22

c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

25. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing.  The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the

23

Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## I. Other Provisions

26. Agreement Not Binding on Other Agencies. Nothing in this Agreement shall bind any other United States Attorney's Office,

state prosecutor's office, or federal, state or local law
enforcement agency.

27. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or

initiate any civil claims or suits against the United States of

America, its agencies or employees, whether or not presently

known to the defendant, arising out of the investigation,

prosecution or cooperation, if any, covered by this Agreement,

including but not limited to any claims for attorney's fees and

other litigation expenses arising out of the investigation and

prosecution of this matter.  By the defendant's guilty plea in

this matter the defendant further acknowledges that the

Government's position in this litigation was taken in good faith,

had a substantial basis in law and fact and was not vexatious.

28. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is

entering this Agreement with the defendant because this

disposition of the matter fairly and adequately addresses the

gravity of the offenses from which the charge is drawn, as well

as the defendant's role in such offenses, thereby serving the ends of justice.

29. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

26

30. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and

other trial and appellate rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

31. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this

Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on

or before 5:00 p.m., August 20, 2021, otherwise the offer may, in

the sole discretion of the Government, be deemed withdrawn.

27

32. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

8-18-21
Date

_____
GREGORY DEHART
Defendant

I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

8/19/2021
Date

_____
ELLIOT A. SMITH, ESQ.
Counsel for Defendant

BRUCE D. BRANDLER
Acting United States Attorney

8/24/2021
Date

By:   _____
JAMES M. BUCHANAN
Assistant United States Attorney

28